UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                                              :
THOMAS WITT,                                                  :
                                      Petitioner,             :
                                                              :           10 Civ. 9180 (JPO)
                    -against-                                 :
                                                              :           MEMORANDUM AND
STEVEN E. RACETTE,                                            :                 ORDER
                                      Respondent.   :
                                                              :
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

    On September 20, 2006, Petitioner Thomas Witt ("Petitioner") was convicted after a jury

trial of Assault in the Second Degree, a violation of New York Penal Law (the "Penal Law")

§ 120.05(2).  The New York State Supreme Court sentenced Petitioner to a term of seven years

with three years of post-release supervision.  On November 22, 2010, Petitioner, proceeding *pro

se*, filed the instant petition (Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a

Person in State Custody, Dkt. No. 1 ("Petition")) for a writ of *habeas corpus* pursuant to 28

U.S.C. § 2254 ("Section 2254"), on the grounds that: (1) the evidence was legally insufficient to

support the conviction for Assault in the Second Degree; (2) it was error that the grand and petit

juries were not informed that the witness against Petitioner was an accomplice as defined by

New York Criminal Procedural Law ("N.Y. C.P.L.") § 60.22(2)(b); and (3) the sentence was

harsh and excessive.

    For the reasons set forth below, the Court denies Petitioner's *habeas corpus* petition.

I.      **Background**

        A.      **The Crime**

        According to the testimony presented at trial, Witt solicited sex from a female prostitute

on March 14, 2006. (Trial Transcript, Dkt. No. 7 ("Trial Tr."), at 339, August 21, 2006.)  The

two traveled to the roof of a building where Witt demanded sex without payment. (*Id.*) When

the woman refused, Witt began punching and beating her. (*Id.* at 340.) Witt then grabbed the

victim's head and banged it against the side of the door. (*Id.*) It was shown at trial that the

victim suffered multiple contusions, scratches, a bump on the back of her head, and a swollen

eye. (*Id.* at 344-45, 347-48.) The victim testified at trial that the injury to the back of her head

was caused by Witt's banging her head against the right edge of the doorway to the roof's

landing, which was made of concrete or brick. (*Id.* at 347-48.)

The victim testified that, while Witt was beating her, and with his hand grasping her

throat, he demanded money. (*Id.* at 340.) In response to the victim's insisting that she did not

have any money, Witt "started hitting [her] harder and . . . started using both hands." (*Id.*) At

trial, the victim testified that she was unaware that she had two dollars in her pocket when Witt

took it from her. (*Id.*)

### B.    Trial and Conviction

Petitioner was charged with one count of Robbery in the Second Degree, in violation of

Penal Law § 160.10(2)(a), and one count of Assault in the Second Degree, in violation of Penal

Law § 120.05(2).

Petitioner's trial was held on August 22, 2006. The Government presented testimony

previously given by Petitioner on March 21, 2006. (Trial Tr. at 521-43.) The trial court found

that Petitioner was dishonest when he claimed no involvement in the assault. (*See* Trial Tr. at

679-80; Sentence Transcript ("Sentence Tr."), appended to Trial Tr. at Dkt. No. 7, at 17-18 ("Mr.

Witt tells such a story, at such a time, as he thinks will benefit him.").) In the March 21

testimony, Petitioner asserted that a man he knew from the neighborhood had asked him where

he could find a prostitute. After taking the man to the prostitute, Petitioner asserted that he went

to the back of the building to smoke crack cocaine and did not know what transpired in the

building.  (Trial Tr. at 526.)  The evidence presented at trial directly contradicted these

statements.  (*Id.* at 331-520.)  Petitioner did not call any witnesses at trial or present any evidence

at trial.  (Trial Tr.)

The jury convicted Petitioner of Assault in the Second Degree for causing physical injury

to the victim by means of banging her head against a concrete or brick doorway.  (*Id.* at 679-80.)

The jury acquitted Petitioner of Robbery in the Second Degree.  (*Id.*)  The court sentenced him to

a determinate prison term of seven years to be followed by a three-year term of post-release

supervision.  (Sentence Tr. at 19-20.)

### B.      Petitioner's Post-Conviction Appeal

On appeal in the New York Supreme Court Appellate Division, First Judicial

Department, Petitioner argued that: (1) the evidence was insufficient to support the jury's verdict

because the only evidence of the alleged injury suffered as a result of a dangerous instrument

came from the witness's testimony unsupported by medical evidence; and (2) the imposed

sentence was excessive given the discrepancy between the pretrial offer of a two-year sentence

and Petitioner's serious psychiatric problems.  (*Id.* at 12.)  On November 18, 2008, the Appellate

Division affirmed the judgment of conviction against Petitioner.  *Witt*, 56 A.D.3d at 324.

Petitioner sought leave to appeal to the New York Court of Appeals, raising both of the

arguments he made to the Appellate Division.  The State opposed that application.  (*See*

Declaration in Opposition, Dkt. No. 8 ("Decl. in Opp."), Ex. E.)  On January 16, 2009, Associate

Judge Graffeo of the New York State Court of Appeals summarily denied Petitioner's

application for leave to appeal.  *People v. Witt*, 11 N.Y.3d 931 (2009).

Petitioner then filed with the state trial court a *pro se* motion, dated August 25, 2009, to

vacate the judgment of conviction pursuant to N.Y. C.P.L. § 440.10.  (Decl. in Opp., Ex. G.)

Petitioner argued that the judgment against him should be vacated because neither the grand nor

petit jury was charged that the testifying witness was an accomplice, making corroboration

necessary under New York law for her testimonial statements.  (*Id.*)  Petitioner's argument was

that, because the victim was a prostitute and Petitioner was attempting to obtain sexual services

when the assault occurred, the victim was an accomplice as a matter of law.  The court found that

this argument had not been properly preserved at trial.  On January 13, 2010, the New York

County Supreme Court issued a summary order denying Petitioner's motion for re-argument.

(*Id.*, Exs. J, H.)

On January 26, 2010, Petitioner sought leave to appeal the denial of his § 440.10 motion

to the Appellate Division, First Department.  (*Id.*, Ex. K.)  The State opposed that application.

On June 3, 2010, Justice DeGrasse of the Appellate Division denied Petitioner leave to appeal.

(*Id.*, Ex. M.)

On November 22, 2010, Petitioner filed the instant petition for a writ of *habeas corpus*,

pursuant to Section 2254.  Petitioner raises three grounds for *habeas* relief based on alleged

errors by the State and the trial court.  Petitioner argues (1) that the evidence was insufficient to

support the jury's verdict; (2) that it was error for the grand and petit juries not to have been

instructed that the witness against him was an accomplice as a matter of law, and that her

testimony therefore required corroboration; and (3) that the imposed sentence was excessive.

## II.    Timeliness

The petition was filed in a timely manner.  With the passage of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") on April 24, 1996, Congress set a one-year

statute of limitations for the filing of a petition for a writ of *habeas corpus* by a person in custody

pursuant to a state court conviction.  *See* 28 U.S.C. § 2244(d)(1).  A judgment of conviction

becomes final under AEDPA at the conclusion of the ninety-day period during which the

petitioner could have sought *certiorari* review in the United States Supreme Court.  *Williams v.*

*Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001).  On January 16, 2009, Associate Judge Graffeo of

the New York Court of Appeals denied Petitioner's application for leave to appeal.  *Witt*, 11

N.Y.3d 931.  Pursuant to AEDPA, Petitioner's conviction became final ninety days later on April

16, 2009.  Petitioner then had one year from April 16, 2009 to file his petition for *habeas* relief.

*See* 28 U.S.C. § 2244(d)(1).

The AEDPA limitations period is tolled with the proper filing of an application for state

post-conviction relief.  *See* 28 U.S.C. § 2244(d)(2); *Smith v. McGinnis*, 208 F.3d 13, 17-18 (2d

Cir. 2000) (holding that one-year limitations period is suspended while properly filed

applications for relief are pending in state court).  In the instant case, Petitioner filed a *pro se*

motion to vacate the judgment of conviction pursuant to N.Y. C.P.L. § 440.10 on August 25,

2009.[1]  That application was pending from August 25, 2009 until the Appellate Division denied

Petitioner leave to appeal on June 3, 2010, at which point further appellate review was

unavailable.[2]  As of June 3, 2010, Petitioner had 234 days, or until January 23, 2011, to file his

petition for *habeas corpus*.  Petitioner filed his petition for *habeas* relief within the limitations

period on November 22, 2010.

## III.    Legal Standards

### A.    *Habeas Corpus* in Federal Courts

A *habeas* petition is not a means to re-litigate every issue previously determined in state

court.  *Herrera v. Collins*, 506 U.S. 390, 400-01 (1993).  A prisoner seeking *habeas* relief is

required under Section 2254 to show by a preponderance of the evidence that he is being held "in

---

[1] This was the date on which Petitioner handed his motion papers to prison officials.  *See Ruiz v. Poole*, 566 F. Supp. 2d 336, 340 n.1 (S.D.N.Y. 2008) (applying the "prison mailbox rule" to incarcerated *pro se* litigants and determining that the date a N.Y. C.P.L. § 440.10 motion is given to a correctional authority for mailing to a court represents the date on which the motion is "filed"); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988); *Nobel v. Kelly*, 246 F.3d 93, 97-98 (2d Cir.), *cert. denied*, 534 U.S. 866 (2001).

[2] The AEDPA limitations period begins to run again from the date the state court issues a final order in a collateral proceeding, in which further appellate review is unavailable.  *Sanders v. Senkowski*, 587 F.3d 543, 549 (2d Cir. 2009).

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2254(a).  Thus, the burden of proof is placed on a petitioner seeking relief.  *Jones v. Vacco*, 126

F.3d 408, 415 (1997).  An intermediate appellate court's denial of a claim based upon a state

procedural bar and in the alternative on the merits creates an independent bar to *habeas* review,

precluding a federal court from reaching the merits on the same claim.  *See, e.g.*, *Brown v.

Perlman*, No. 07 Civ. 8672, 2008 U.S. Dist. LEXIS 37546, at \*36-60 (S.D.N.Y. May 8, 2008).

    A *habeas* court must defer to the assessments of the strength of the evidence and

credibility of the witnesses that were made by the jury and may not substitute its own view of the

evidence in their place.  *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Maldonado v. Scully*,

86 F.3d 32, 35 (2d Cir. 1996).  However, if a federal court is convinced that a prisoner's custody

has violated the Constitution then "that independent judgment should prevail."  *Williams v.

Taylor*, 529 U.S. 362, 389 (2000).

    According to AEDPA, a petitioner may obtain *habeas* relief only by showing that the

state court decision (1) was "contrary to," or (2) involved "an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States."  28

U.S.C. § 2254(d)(1).  Section 2254(d)(1) applies only "with respect to claims adjudicated on the

merits in state court."  *Williams*, 529 U.S. at 412.  The Second Circuit defines "adjudicated on

the merits" to mean "a decision finally resolving the parties' claims, with res judicata effect, that

is based on the substance of the claim advanced, rather than on a procedural, or other, ground."

*Sellan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001).

    The Supreme Court has "construed the amended statute so as to give independent

meaning to the terms 'contrary [to]' and 'unreasonable.'"  *Jones v. Stinson*, 229 F.3d 112, 119

(2d Cir. 2000).  First, the "contrary to" clause permits a federal court to grant *habeas* relief if the

6

underlying state-court holding contradicts the conclusion reached by the Supreme Court on a question of law or on a "set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13.

Second, the "unreasonable application" clause instructs a federal court to inquire "whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.  The standard used to evaluate this question is not so strong as to require that all reasonable jurists would agree that the state court erred, but requires a higher level of certainty than "merely erroneous." *Stinson*, 229 F.3d at 119 (quoting *Francis S. v. Stone*, 221 F.3d 100, 109 (2d Cir. 2000)).  The Supreme Court's AEDPA jurisprudence clarifies that whether a state court's decision was "unreasonable" must be assessed "in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004).  Thus, a Petitioner may obtain *habeas* relief if the federal court believes that a claim determined on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### B.    Exhaustion

Further, a federal court may not consider a *habeas corpus* petition unless the petitioner has exhausted all state judicial remedies. *See* U.S.C. § 2254(b)(1)(A); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997).  A state remedy is considered exhausted when a petitioner has presented the federal constitutional claim asserted in the petition to the highest state court and thus adequately informed the court of both the legal and factual bases for the federal claim. *Picard*, 404 U.S. at 276-77; *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 191-92 (2d Cir. 1982) (*en banc*).

A petitioner may alert the state court to a claim's federal constitutional nature in one of three ways.  First, a petitioner may explicitly argue that a federal constitutional right was violated by citing the Constitution directly. *Smith v. Duncan*, 411 F.3d 340, 348 (2d Cir. 2005) (citing

*Daye*, 696 F.2d at 194.  Second, a petitioner may rely on pertinent federal or state cases employing constitutional analysis in similar factual situations.  *Id.*  Third, a petitioner may allege "a pattern of facts that [are] well within the mainstream of constitutional litigation."  *Id.*  New York courts have defined "well within the mainstream of constitutional litigation" to mean that the right being asserted is "well developed [and] established by a long line of cases" so that even if not explicitly noted, the state court is aware that a federal constitutional claim is being asserted.  *Adams v. Scully*, 661 F. Supp. 58, 59 (S.D.N.Y. 1987); *see also Daye*, 696 F.2d at 192-94.

### C.      Procedurally Barred Arguments

A petitioner is barred from litigating under Section 2254 claims that he could have raised but did not raise on direct appeal.  Under N.Y. C.P.L. § 470.05(2), often referred to as New York's "contemporaneous objection rule," a criminal defendant must raise an issue before a trial court to preserve that issue for challenge on appeal.  *Garvey v. Duncan*, 485 F.3d 709, 714-15 (2d Cir. 2007) ("[Section] 470.05(2) is a firmly established and regularly followed New York procedural rule"); *Simpson v. Portuondo*, No. 01 Civ. 8744 (WHP) (JCF), 2002 WL 31045862, at *4 (S.D.N.Y. June 4, 2002).  A timely protest must be sufficiently clear to draw the attention of the trial court to the specific issue to be preserved.  *See* N.Y. C.P.L. § 470.05(2).

A petitioner may overcome a procedural bar in two ways.  First, a petitioner may show both "cause and prejudice for the default" in preserving the claim.  *Gray v. Netherland*, 518 U.S. 152, 162 (1996) (citation omitted).  Alternatively, a petitioner may assert that a failure of the federal court to consider the claim would result in a "fundamental miscarriage of justice" because the petitioner is actually innocent of the crime.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).  New reliable evidence that was not previously presented at trial—whether physical evidence, exculpatory scientific evidence, or trustworthy eyewitness accounts—must support the

petitioner's assertion of a miscarriage of justice in order for a court to accept the claim as credible. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Rivas v. Fischer*, No. 10-1300-pr, 2012 U.S. App. LEXIS 13974 (2d Cir. July 9, 2012).

## IV.     Analysis

The Court first addresses the exhaustion of Petitioner's claims, followed by the disposition of each claim in turn.

### A.      Exhaustion of Petitioner's Claims

Petitioner exhausted the first claim raised in his *habeas* petition concerning the insufficiency of evidence and the part of his second claim that concerns improper instructions to the petit jury.  However, Petitioner failed to exhaust his claims concerning improper instructions to the grand jury and the excessiveness of his sentence.

Petitioner raised the insufficiency-of-evidence claim on appeal and again in his application for leave to appeal to the New York Court of Appeals.  Similarly, Petitioner raised his claim regarding the petit jury charge in his N.Y. C.P.L. § 440.10 motion.  Raising these two claims as Petitioner did below was sufficient for AEDPA exhaustion because both fall "within the mainstream of constitutional litigation." *See Jackson*, 443 U.S. at 318-22.  Thus, his first claim regarding the insufficiency of evidence is exhausted, as is the portion of his second claim regarding petit jury instructions.

Petitioner failed to exhaust adequately his claims concerning improper legal instructions to the grand jury and excessiveness of his sentence.  Although Petitioner raised the issue of grand jury instructions in his N.Y. C.P.L. § 440.10 motion (Decl. in Opp., Ex. G), the claim remains unexhausted because Petitioner relied on a state corroboration requirement for accomplice testimony under N.Y. C.P.L. § 60.22 rather than basing his claim on federal constitutional grounds.  Whereas errors arising from petit jury proceedings are within the mainstream of

9

constitutional litigation, those arising from state grand jury proceedings are questions of state law

and do not alert a state court to any federal constitutional claim. *See LanFranco v. Murray,* 313

F.3d 112, 118 (2d Cir. 2002).

The excessive-sentence claim is unexhausted because Petitioner relied on state procedural

law to assert that the Appellate Division may reduce or modify a sentence "as a matter of

discretion in the interest of justice" or because a sentence was "unduly harsh or severe." *See*

N.Y. C.P.L. § 470.15(3)(c).  Petitioner's citation of the Fourteenth Amendment in the point

heading of his Appellate Division brief on direct appeal was insufficient for AEDPA exhaustion

purposes because the substance of his argument relied on state procedural law; therefore, the

claim is not cognizable for *habeas* review.  Additionally, the cases cited in support of

Petitioner's argument that his sentence was excessive do not employ "constitutional analysis" as

is necessary to apprise the state court of a petitioner's federal constitutional claims. *See Scullark*

*v. Greiner*, No. 02 Civ. 1834, 2005 WL 3454730, at *2-3 (S.D.N.Y. Dec. 15, 2005) ("[M]ere

references to 'due process' and 'fair trial' are insufficient if the argument rests on issues of state

law."); *see also Pertrucelli v. Coombe*, 735 F.2d 684, 688-90 (2d Cir. 1984).

### B.      Sufficiency of the Evidence

As discussed above, Petitioner has exhausted state remedies as to his insufficiency-of-

evidence claim.  However, Petitioner did not properly preserve that claim, and it is also without

merit.

#### 1.      Procedural Bar

New York's contemporaneous objection rule requires that a petitioner make a specific

and timely objection to preserve a claim.  N.Y. C.P.L. § 470.05(2).  Here, the Appellate Division

rejected Petitioner's claim for failure to comply with the contemporaneous objection rule and

thereby relied on an independent and adequate state procedural ground.  Where a state court's

judgment denies a claim based on an adequate and independent state procedural ground, federal

*habeas* review of that claim is usually prohibited.  *Coleman*, 501 U.S. at 729-30; *see also*

*Restrepo v. Kelly*, 178 F.3d 634, 637-38 (2d Cir. 1999).

### 2.      Failure to Overcome Procedural Bar

The Court may consider Petitioner's insufficiency-of-evidence clam only if he is able to

show: (1) cause for his default and actual prejudice or (2) that the Court's failure to consider his

claim will result in a fundamental miscarriage of justice.  *See Gray*, 518 U.S. at 162.  Cause is

established when "some objective factor external to the defense" impeded the petitioner's efforts

to comply with the state procedural rule.  *Coleman*, 501 U.S. at 753.  The Supreme Court has

explained three ways that a petitioner may show cause for a procedural default: (1) the factual or

legal basis for a claim was not reasonably available; (2) interference by state officials made

compliance with the procedural rule impracticable; or (3) Plaintiff suffered ineffective assistance

of counsel.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Petitioner fails to allege such cause

for his procedural default.  Because a petitioner must establish both cause and prejudice, the

failure to show cause vitiates the claim.  *See Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994)

(not considering prejudice after the petitioner could not demonstrate cause).

To demonstrate a fundamental miscarriage of justice, one must demonstrate that "a

constitutional violation has probably resulted in the conviction of one who is actually innocent."

*Murray*, 477 U.S. at 496.

Petitioner has not shown—indeed, he has not attempted to show—cause and prejudice for

his default or that failure to consider his claim regarding insufficiency of evidence presented

against him at trial would result in a fundamental miscarriage of justice.  As such, this claim is

procedurally barred.

### 3.    Substantive Legal Standard

A federal court reviewing a claim challenging the sufficiency of the evidence underlying

a state-court conviction must "determine whether the record evidence could reasonably support a

finding of guilt beyond a reasonable doubt."  *Jackson*, 443 U.S. at 318.  A successful petition

must show that no rational trier of fact could have determined guilt beyond a reasonable doubt.

*Einaugler v. Sup. Ct. of the State of N.Y.*, 109 F.3d 836, 839 (2d Cir. 1997); *Bossett*, 41 F.3d 830

(quoting *Jackson*, 443 U.S. at 324).  As such, a defendant challenging the sufficiency of evidence

bears a "very heavy burden."  *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002); *see*

*United States v. Pipola*, 83 F.3d 556, 564 (2d Cir. 1996) (citing *Glasser v. United States*, 315

U.S. 60, 80 (1942)).

The *habeas* court may not substitute its evaluation of the evidence for that of the jury.

*See Jackson*, 443 U.S. at 318-19; *Maldonado*, 86 F.3d at 35; *Gruttola v. Hammock*, 639 F.2d

922, 928 (2d Cir. 1981) ("We cannot say that no rational jury could have found guilt beyond a

reasonable doubt on all of the evidence," despite significant doubt cast on the evidence

supporting defendant's guilt.).  The jury's conviction must stand so long as "any competent

evidence went to the fact-finders from which they could infer guilt beyond a reasonable doubt."

*See Reid v. Miller*, No. 02 Civ. 2895 (LTS)(MDF), 2003 WL 22383097, at *6 (S.D.N.Y. Oct. 20,

2003) (quoting *Martin v. Scully*, 748 F. Supp. 159, 164 (S.D.N.Y. 1990)).

A court addressing a *habeas* petition must determine the elements of the underlying

crime based on state law when considering the sufficiency of the evidence of a state conviction.

*See Ponnapula*, 297 F.3d at 179 (quoting *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir.

1999), *cert denied*, 528 U.S. 1170 (2000)).  Under New York Penal Law, to establish that

Petitioner was guilty of Assault in the Second Degree, the trial court had to find that Petitioner,

"[w]ith intent to cause physical injury to another person, . . . cause[d] such injury to such person, or to a third person by means of a deadly weapon or dangerous instrument."  Penal Law § 120.05(2).

Under New York law, "physical injury" is defined as "impairment of physical condition or substantial pain."  *Id.* § 10.00(9).  Furthermore, "physical injury" requires no particular degree of pain or impairment.  *People v. McDowell*, 28 N.Y.2d 373, 375 (1971).  So long as the pain is "more than slight or trivial" it is considered sufficient to constitute physical injury under New York law.  *People v. Chiddick*, 8 N.Y.3d 445, 447 (2007).  A "dangerous instrument" is defined as "any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury."  Penal Law § 10.00(13).

### 4.    Merits

Preservation aside, Petitioner's insufficiency-of-evidence claim is without merit.  In support of his insufficiency-of-evidence claim, Petitioner contends that there was no basis for the jury to find him guilty of second degree assault because, although evidence existed for the injuries sustained by the victim to her face and neck, no medical evidence supported the claim of injury to the back of her head, caused by a "dangerous instrument."  (Brief for Defendant-Appellant ("Witt App. Br."), appended as Ex. A to Decl. in Opp.)

Even in the absence of corroboration specific to the victim's head injury resulting from Witt's banging it against the edge of the concrete or brick doorway, it was sufficient that there was corroboration on the existence of the concrete or brick doorway and various injuries sustained to the victim's face and body.  (*See* Trial Tr. at 347.)  It was established at trial that Petitioner had used the edge of the doorway near the landing to inflict physical injury to the back of the victim's head.  (*Id.*)  Petitioner failed to make a clear and convincing showing sufficient to

overcome the First Department's determination that the evidence of physical injury was

sufficient to support conviction. *Witt*, 56 A.D.3d at 324-25.  The Appellate Division held that

Petitioner's claim concerning insufficiency of the evidence presented at trial was unpreserved

and, as an alternative holding on the merits, found that the evidence was legally sufficient.  *Id.*

Considering the evidence presented at trial, this Court is not persuaded that "it is more likely

than not that no reasonable juror would have convicted."  *Schlup*, 513 U.S. at 329.  Accordingly,

Petitioner's insufficiency-of-evidence claim for *habeas* relief fails and must be denied.

### C.     Jury Instructions

Petitioner argues that the instructions to the petit and grand juries were improper because

neither was instructed that the victim of the assault was an accomplice as a matter of law.  These

arguments are procedurally barred, and are, in any event, without merit.

#### 1.     Procedural Bar

The Appellate Division rejected Petitioner's jury-instruction claims, holding that they

were "not properly preserved at trial."  (Decl. in Opp., Ex. H.)  In rejecting these claims, the

court relied on the procedural bar set forth in N.Y. C.P.L. § 440.10(3)(a) because Petitioner

failed to raise the issue concerning accomplice corroboration at trial or on appeal.  *See* N.Y.

C.P.L. § 440.10(3)(a).  The court held in the alternative that Petitioner's argument "was factually

and legally without merit."  (Decl. in Opp., Ex. H.)

Federal courts have recognized Section 440.10(3)(a) as an adequate and independent

procedural bar that precludes federal *habeas* review.  *Cameron v. People of the State of New*

*York*, No. 01 Civ. 9988 (BSJ)(GWG), 200 WL 31898076, at *7 (S.D.N.Y. Dec. 30, 2002)

("C.P.L. § 440.10(3)(a) likewise constitutes an adequate and independent state ground that

prevents a federal court from reviewing the merits of the claim.").  The Appellate Division was

the final court to address the issue in this case, and it expressly rested its judgment on procedural

default grounds.  *Witt*, 56 A.D.3d at 324-25; *see also* N.Y. C.P.L. § 470.05.  This determination

procedurally bars Petitioner's claim from *habeas* review because it rests on both independent and

adequate state grounds.  *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) ("[F]ederal habeas

review is foreclosed when a state court has expressly relied on a procedural default as an

independent and adequate state ground, even where the state court has also ruled in the

alternative on the merits of the federal claim.").

      Moreover, errors arising from state grand jury proceedings are questions of state law

because the federal right to a grand jury in a criminal case was not incorporated to the states

through the Fourteenth Amendment.  *See LanFranco*, 313 F.3d at 118.  A federal court,

therefore, may not review such errors on a petition for a writ of *habeas corpus*.  *See id.*; *Mirrer v.*

*Smyley*, 703 F. Supp. 10, 11-12 (S.D.N.Y. 1989).  It is well established that any potential defect

in a grand jury proceeding is cured by a subsequent conviction by a trial court jury where the

jury was properly instructed.  *Lopez v. Riley*, 865 F.2d 30, 31-33 (2d Cir. 1989) (holding that

claims of error in grand jury proceedings may not be raised where a properly instructed jury

convicted at trial); *see also United States v. Mechanik*, 475 U.S. 66, 68 (1986) ("[M]easured by

the petit jury's verdict, . . . any error in the grand jury proceeding connected with the charging

decision was harmless beyond a reasonable doubt.").

      Unlike in *Lopez*, Petitioner argues that both the grand and petit juries were improperly

instructed.  (Decl. in Opp., Ex. G.)  This argument is not dispositive because a petitioner must

establish also that the erroneous jury instructions violated a right guaranteed him by federal law

and "so infected the entire trial that the resulting conviction violated due process."  *Davis v.*

*Strack*, 270 F.3d 111, 123 (2d Cir. 2011); *see also Cupp v. Naughten*, 414 U.S. 141, 146-47

(1973).  Petitioner has not done so.

Although Petitioner has raised a new argument that the grand and petit juries were not charged that the witness was an accomplice as a matter of law, it is hardly fathomable that, based on this argument, "no reasonable juror would have convicted," especially because no new evidence has been introduced.  *See Schlup*, 513 U.S. at 329.

### 2.    Failure to Overcome Procedural Bar

This Court may consider Petitioner's claims concerning the legal instructions to the grand and petit juries only if he is able to overcome the procedural bar to these claims by showing: (1) cause for his default to raise his claims at trial and actual prejudice, or (2) that the Court's failure to consider his claim will result in a fundamental miscarriage of justice.  *See Gray*, 518 U.S. at 162.  Here, Petitioner fails to show—or even to attempt to show—cause or prejudice resulting in a procedural bar of his claims.

Additionally, under federal law a defendant may be convicted based on the uncorroborated testimony of an accomplice witness without violating the Due Process clause, "so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt."  *United States v. Gordon*, 987 F.2d 902, 906 (2d Cir. 1992); *see also United States v. Parker*, 903 F.2d 91, 97 (2d Cir. 1990); *Smithwick v. Walker*, 758 F. Supp. 178, 186 (S.D.N.Y. 1991) ("[T]he requirement of accomplice corroboration is solely a product of New York State law.")  Since there is no federal constitutional right to corroboration parallel to the New York State right, mere lack of corroboration of an accomplice's testimony does not, *per se*, violate the federal Constitution.

### 3.    Merits

On the merits, this Court does not agree with the argument that the witness in Petitioner's trial was an accomplice as a matter of law.  Under N.Y. C.P.L. § 60.22(2), an accomplice is "a witness in a criminal action who according to evidence adduced in such action, may reasonably

16

be considered to have participated in: [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged." N.Y. C.P.L. § 60.22(2). Here, the offense charged was assault, not prostitution. It would require quite a logical stretch to argue that the victim's agreement to engage in prostitution was based on the same facts as Petitioner's assault of her. The agreement between the victim and Petitioner to engage in illicit sex certainly was not the conduct that constituted the offense charged.

Petitioner has not shown cause and prejudice for his default in preserving these claims or that failure to consider his jury-instruction claims would result in a fundamental miscarriage of justice. The claims also lack merit. Thus, Petitioner presents no basis for *habeas* relief on these claims.

> **D.      Excessive Sentence**

Petitioner has not preserved his excessive-sentence claim because, on direct appeal, he relied on state procedural law instead of claiming a federal constitutional violation. But preservation aside, Petitioner's excessive-sentence claim provides no basis for relief because it is not cognizable as a federal constitutional claim.

> **1.  Substantive Legal Standard**

In general, "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (*per curiam*) (internal quotation marks and citation omitted). Under such circumstances, a petitioner's claim that his sentence is harsh and excessive does not present a basis for *habeas corpus* relief. *Id.*; *see also Bellavia v. Fogg*, 613 F.2d 369, 373-74, n.7 (2d Cir. 1979) (long mandatory sentence imposed pursuant to statute did not constitute cruel and unusual punishment). In order to present an excessive-sentence claim under the Eighth Amendment that is cognizable on *habeas* review, a petitioner must allege that the statute under which he was

sentenced is itself unconstitutional.  *See United States v. Dawson*, 400 F.2d 194, 200 (2d Cir.

1968); *see also Fielding v. LeFevre*, 548 F.2d 1102, 1108 n. 12 (2d Cir. 1977) ("The Eighth

Amendment is not a general grant to the federal courts of power to review sentences.  Rather, it

allows the review of the punishment specified by statute . . . ."); *Ross v. Brown*, No. 09 Civ. 5838

(PKC) (DF), 2011 WL 3874872, at \*9 (S.D.N.Y. May 3, 2011).  A punishment is considered

"excessive," and thus unconstitutional, only if the Petitioner is able to show:  (1) that it "makes

no measurable contribution to acceptable goals of punishment and hence is nothing more than

the purposeless and needless imposition of pain and suffering; or (2) [that it] is grossly out of

proportion to the severity of the crime."  *Harmelin v. Michigan*, 501 U.S. 957, 1013 (1991); *see*

*also United States v. Gonzalez*, 922 F.2d 1044, 1053 (2d Cir. 1991).

### 2.  Merits

Petitioner's conviction for Assault in the Second Degree, a Class D Violent Felony (*see*

Penal Law §§ 70.02(1)(c); 120.05(2)), required the trial court to sentence Petitioner to a

determinate sentence within the range of two to seven years (Penal Law § 70.02(3)(c)), as well as

a term of post-release supervision ranging from three to ten years (Penal Law § 70.45).  The trial

court did not abuse its judicial discretion in sentencing the petitioner to a prison term of seven

years, to be followed by a three-year post-release supervision period, because those time periods

are within the state law sentencing guidelines.  *See* Penal Law §§ 70.02(1)(c); 120.05(2).

Petitioner's sentence does not provide a basis for *habeas* relief because it is firmly within

the statutory range provided to the trial court by New York law and because Petitioner has not

challenged the sentencing statute itself as unconstitutional.   Petitioner has not provided

arguments asserting either that the imposed sentence is a "needless imposition of pain and

suffering" or that the sentence was "grossly out of proportion with the severity of the crime."

The Appellate Division perceived no basis for reducing Petitioner's sentence, *People v. Witt*, 56

A.D.3d 324 (N.Y. App. Div. 2008), and neither does this Court.

## V.      Conclusion

For the foregoing reasons, Thomas Witt's petition for a writ of *habeas corpus* pursuant to

28 U.S.C. § 2254 is DENIED.

A certificate of appealability will not issue because Petitioner has not made a substantial

showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P.

22(b).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith.

Further, Petitioner's request for counsel (Dkt. No. 17) is DENIED.

The Clerk of Court is directed to terminate this case.


SO ORDERED.

Dated: New York, New York
       August 7, 2012


_____
J. PAUL OETKEN
United States District Judge